OPINION
McKEE, Circuit Judge.
Emmanuel Herrera pled guilty to one count of conspiracy to import 100 grams or more of heroin, in violation of 21 U.S.C. § 963, and was sentenced to 60 months imprisonment pursuant to 21 U.S.C. § 960(b)(2)(A), as well as a term of supervised release for five years, and ordered to pay a fine of $2,500, and a special assessment of $100. He argues the sentencing court erred in concluding that he was a “supervisor” pursuant to U.S.S.G. § 5C1.2, and that the court violated the Fifth and Sixth Amendments by making a finding of fact that increased his sentence. For the reasons that follow, we will affirm.
I.
As we write primarily for the parties who are familiar with the facts of this case, we need not recite the factual or procedural history in detail. We exercise plenary *738 review over a district court’s interpretation of sentencing guidelines and examine a district court’s factual findings for clear error. See United States v. Grier, 475 F.3d 556, 570 (3d Cir.2007).
II.
The district court increased Herrera’s Offense Level by two points pursuant to U.S.S.G. § 3B1.1(c) based on its finding that he played a leadership role in the criminal activity underlying his plea. Section 3B1.1(c) directs district courts to increase a defendant’s offense level by two levels where the defendant was “an organizer, leader, manager, or supervisor in any criminal activity” involving less than five participants. U.S.S.G. § 3B1.1(c).
On appeal, Herrera contends that the record does not support a finding that he was an organizer or supervisor of criminal activity, and that increasing his sentence based on that finding denied him due process and the right to a jury trial. Neither argument has merit.
Herrera admitted at to recruiting and directing two other co-conspirators “to fly to the Dominican Republic and then smuggle drugs back into the United States.” A.R. 24. He stipulated to the Pre-Sentence Report which shows that he and another co-conspirator agreed to pay those two co-conspirators (who were under his direction) $100 for every pellet of heroin smuggled into the U.S. It is therefore clear that the district court correctly concluded that Herrera was a supervisor for purposes of sentencing and that the court correctly increased his base offense level pursuant to U.S.S.G. § 3Bl.l(c).
III.
Herrera’s attempt to fashion a constitutional deprivation from the court’s fact finding and corresponding increase in sentence also fails. The argument is based on Herrera’s contention that the conclusion that he was a manager or supervisor of criminal activity had to be proven to a jury beyond a reasonable doubt pursuant to United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). However, the resulting increase in sentence was well within the statutory maximum for the offenses he pled guilty to. Accordingly, Booker does not apply. See United States v. Grier, 475 F.3d 556, 561 (3d Cir.2007) (en banc).
IV.
For all the reasons set forth above, we will affirm the judgement of conviction.